**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ADJEI EDMUND NTIRI,

  Petitioner,

 v.

ALBERTO R. GONZALES, Attorney
General, Attorney General,

  Respondent.

No. 06-9550
(No. A43 809 788)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

Adjei Edmund Ntiri, a native and citizen of Ghana, seeks review of the

Board of Immigration Appeals's (BIA) denial of his application for a waiver of

deportability under former section 241(a)(1)(H) of the Immigration and

Nationality Act (INA). We DISMISS the petition in part and DENY it in part.

---

[*]   After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Mr. Ntiri's father, then a legal permanent resident of the United States, sought a relative visa for Mr. Ntiri as his unmarried son. When Mr. Ntiri completed his visa application, he informed the United States government that he was unmarried and he had no children even though he was married with three children.[1] After he entered the United States, he sought to bring his family to this country, and the Immigration and Naturalization Service (INS) determined that he had misrepresented his familial status on his visa application. He was served with an Order to Show Cause on October 31, 1996. After holding two hearings, an immigration judge (IJ) ordered him deported.

During the course of the immigration proceedings, Mr. Ntiri divorced his Ghanian wife and married a United States citizen. The BIA remanded his case to allow him to seek a waiver of deportability under former INA § 241(a)(1)(H), formerly codified at 8 U.S.C. § 1251(a)(1)(H) (now INA § 237(a)(1)(H), codified at 8 U.S.C. § 1227(a)(1)(H)). After holding another hearing, the IJ denied the waiver of deportability. The BIA affirmed, and Mr. Ntiri timely filed his petition for review of the agency's decision.

---

[1]    Mr. Ntiri previously argued that he was not legally married or legally recognized as the father of his children at the time he applied for his visa because he had not completed the various steps in his people's customary marriage process and had not had the marriage registered with the Ghanian government. He has since conceded that his visa statements about his marriage and children were incorrect, and we proceed under that concession.

II.

We must first analyze the scope of our review in this matter. Mr. Ntiri argues that the jurisdiction-stripping provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, and the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, do not preclude us from considering his petition, because his is a transitional rules case. The government responds that § 106(d) of the REAL ID Act requires us to treat this case as if it had been filed under 8 U.S.C. § 1252, as amended by the REAL ID Act, and thus the jurisdiction-stripping provisions do apply.

Mr. Ntiri's deportation proceedings commenced on October 31, 1996, before IIRIRA's effective date. Consequently, until the enactment of the REAL ID Act in May 2005, Mr. Ntiri's case would have been handled under pre-IIRIRA law as amended by the transitional rules. *See Belay-Gebru v. INS*, 327 F.3d 998, 1000 n.3 (10th Cir. 2003). Section 106(d) of the REAL ID Act, however, states:

> TRANSITIONAL RULE CASES. – A petition for review filed under former section 106(a) of the Immigration and Nationality Act (as in effect before its repeal by section 306(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1252 note)) shall be treated as if it had been filed as a petition for review under section 242 of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section.

119 Stat. 311. "Thus, under the REAL ID Act, transitional rules cases are now subject to the jurisdictional rules currently codified in 8 U.S.C. § 1252." *Onikoyi v. Gonzales*, 454 F.3d 1, 3 (1st Cir. 2006); *see also Elia v. Gonzales*, 431 F.3d

268, 272 (6th Cir. 2005), *cert denied*, 126 S. Ct. 2019 (2006).  Consequently, we review Mr. Ntiri's claims using the current provisions of § 1252 rather than IIRIRA's transitional rules.

## III.

Mr. Ntiri challenges the BIA's denial of his request for a waiver of deportability under former INA § 241(a)(1)(H).  He further argues that the BIA denied him due process of law and abused its discretion when it (1) declined to remand the matter to allow him to seek adjustment of status based on his marriage to a United States citizen, and (2) neglected to address his request for a remand to determine his eligibility for cancellation of removal.  Because the BIA affirmed in a short (but not summary) decision, we primarily review the BIA's decision.  *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007).  To the extent the BIA adopted the IJ's decision, however, we may look to the IJ's decision as necessary for a "more complete explanation" of the reasons underlying the BIA's decision.  *Id.* (quotation omitted).

## A.

Whether to grant a waiver under former INA § 241(a)(1)(H) is a matter explicitly committed to the discretion of the Attorney General.  *See* 8 U.S.C. § 1251(a)(1)(H) (1995); *see also id.* § 1227(a)(1)(H) (2006).  Section 1252 generally precludes us from reviewing a "decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the

-4-

discretion of the Attorney General." *Id.* § 1252(a)(2)(B)(ii). Accordingly, if the agency's denial of a waiver of deportability is based on a discretionary determination, as distinguished from a decision regarding statutory eligibility, we lack jurisdiction to review it. *See Singh v. Gonzales*, 451 F.3d 400, 410-11 (6th Cir. 2006); *San Pedro v. Ashcroft*, 395 F.3d 1156, 1157-58 (9th Cir. 2005).

Contrary to Mr. Ntiri's arguments, it is apparent that the agency denied him a waiver as a matter of discretion, not because it found him statutorily ineligible. Admin. R. at 2 ("We agree with the Immigration Judge's conclusion that the respondent does not merit a waiver in the exercise of discretion."). Thus, with one exception, we lack jurisdiction to review the agency's denial of the waiver. 8 U.S.C. § 1252(a)(2)(B)(ii); *Singh*, 451 F.3d at 411; *San Pedro*, 395 F.3d at 1157-58. The exception is that we retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Most of Mr. Ntiri's arguments concerning the agency's denial of the waiver do not invoke any such questions; rather, because they primarily focus on the agency's weighing of the evidence, they are the type of "challenges directed solely at the agency's discretionary and factual determinations [that] remain outside the scope of judicial review." *Diallo v. Gonzales*, 447 F.3d 1274, 1281 (10th Cir. 2006). To the extent that he implicitly invokes a constitutional due process claim by arguing that the IJ's factual findings were insufficient for review by the BIA, we find no merit in his contentions. The IJ's findings were adequate to allow review of the

decision. Accordingly, with regard to this argument the petition is dismissed in part and denied in part.

B.

Mr. Ntiri further argues that the BIA abused its discretion when it denied his motion for a remand to allow him to seek adjustment of status based on his marriage to a United States citizen. He contends that he satisfied all of the requirements for a remand set forth in the BIA's decision in *In re Valarde-Pacheco*, 23 I. & N. Dec. 253 (BIA 2002), and consequently the BIA's failure to follow its own precedent and remand the case denied him due process.

The BIA treats a motion to remand essentially the same as a motion to reopen. *In re L-V-K*, 22 I. & N. Dec. 976, 978 (BIA 1999). We have jurisdiction to review the denial of a motion to reopen, at least where judicial review of the underlying order is not precluded. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361-62 (10th Cir. 2004). Our review is for abuse of discretion, which occurs when "[the BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* at 1362 (quotation omitted).[2]

---

[2] The BIA characterized its denial of the remand motion as a matter of discretion. Admin. R. at 3. Its explanation, however, indicates that it found that Mr. Ntiri had not met the requirements of *Valarde-Pacheco*. *Id.* Consequently, we approach this issue as a denial for lack of eligibility rather than a denial in the exercise of discretion.

To qualify for adjustment of status, "an alien must apply for adjustment, establish that he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and show that an immigrant visa is immediately available to him at the time his application is filed." *Matter of Arthur*, 20 I. & N. Dec. 475, 476 (BIA 1992). *Valarde-Pacheco*, however, establishes an exception to this general rule. If *Valarde-Pacheco*'s five conditions are met, a motion to reopen to pursue an adjustment may be granted even if a visa is not immediately available to an alien:

> We conclude that a properly filed motion to reopen may be granted, in the exercise of discretion, to provide an alien an opportunity to pursue an application for adjustment where the following factors are present: (1) the motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is not barred by *Matter of Shaar*, 21 I&N Dec. 541 (BIA 1996), or on any other procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide; and (5) the Service either does not oppose the motion or bases its opposition solely on *Matter of Arthur*.

*Valarde-Pacheco*, 23 I. & N. Dec. at 256.

The BIA explained why it denied Mr. Ntiri's motion. Contrary to Mr. Ntiri's argument before this court, he failed to show all five *Valarde-Pacheco* factors. Admin. R. at 3. Particularly, the Department of Homeland Security opposed the remand on a ground other than *Matter of Arthur*. *Id.* Consequently, *Valarde-Pacheco* did not authorize a remand of the case, and the BIA did not fail to follow its precedent in denying the requested remand. It follows that the BIA

did not abuse its discretion in denying the motion and there is no ground for a due process argument. With regard to this argument, the petition is denied.

## C.

Finally, Mr. Ntiri contends that the BIA abused its discretion and denied him due process when it failed to address his request for a remand for the IJ to consider his application for cancellation of removal. It appears that he challenges not the BIA's failure to remand, but its failure even to rule on his request.

The record does not show that Mr. Ntiri ever made the BIA aware of its failing or otherwise presented this argument to the BIA. Consequently, he has not exhausted his administrative remedies, and we do not have jurisdiction to consider the argument. *See Galvez Pineda v. Gonzales*, 427 F.3d 833, 837 (10th Cir. 2005) (observing that a "[f]ailure to exhaust administrative remedies by not first presenting a claim to the BIA deprives this court of jurisdiction to hear it").[3] With regard to this argument, the petition is dismissed.

---

[3] Even if Mr. Ntiri had presented this argument to the BIA, we would not find a violation of due process. To proceed with a due process claim, Mr. Ntiri must show he suffered prejudice as a result of the BIA's failure to address his request. *See Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1162-63 (10th Cir. 2003). Mr. Ntiri suffered no prejudice from the BIA's lack of discussion because he is not eligible for cancellation of removal. He was placed in removal proceedings only two years after he entered the United States, so as a matter of law he could not accrue the required number of years of physical presence in the United States to become eligible for that relief. *See* 8 U.S.C. §§ 1229b(a)(2) (requiring seven years' presence), 1229b(b)(1)(A) (requiring ten years' presence), 1229b(d)(1) (providing that a period of continuous presence ends when an alien is served a notice to appear); *Sibanda v. INS*, 282 F.3d 1330, 1334-35 (10th Cir.

(continued...)

IV.

The petition for review is DISMISSED in part and DENIED in part.


Entered for the Court


Michael R. Murphy
Circuit Judge

---

[3](...continued)
2002) (concluding that IIRIRA's "stop-time" provision applies even to pre-IIRIRA cases).