In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-2201

ADEOYE ORIADE ADEBOWALE,

*Petitioner,*

*v.*

MICHAEL B. MUKASEY,
Attorney General of the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A98-814-677

ARGUED AUGUST 5, 2008—DECIDED OCTOBER 24, 2008

Before POSNER, COFFEY, and MANION, *Circuit Judges*.

COFFEY, *Circuit Judge*. Adeoye Adebowale, a Nigerian-born citizen of the United Kingdom, was ordered removed after he failed to appear at the scheduled hearing. Shortly thereafter he filed a motion to reopen his asylum proceedings. The immigration judge (IJ) denied the motion, and the Board of Immigration Appeals (BIA) upheld that decision. Adebowale petitions this

court for review, but this court lacks jurisdiction because his challenge is only as to questions of fact not questions of law underlying the discretionary decision on his motion.

Adebowale, who purports to be a solicitor, claims that he was persecuted on account of his race, nationality, and membership in a social group. He explains that in August 2001 police in London arrested and detained him for thirteen hours on suspicion of using a stolen credit card, a crime he says he did not commit. He alleges that this arrest was part of a campaign by British police to harass him with unsubstantiated criminal charges because of his reputation as a human-rights advocate and because of their belief that his Nigerian ethnicity makes him a "fraudster."[1] Adebowale was admitted into the United States in December of 2004 under the Visa Waiver Program, but he failed to depart by the required date, March 2005. Just one week after the deadline for his departure, he applied for asylum and withholding of removal. At a status hearing before the IJ, he was notified in person that his asylum hearing would be conducted on September 7, 2006. Also, Adebowale was personally served with written notice of the hearing date.

Adebowale failed to appear at the September 7 hearing and was ordered removed *in absentia*. The next day,

---

[1] Adebowale did not elaborate on this point other than to assert that "there is a pervading view in the U.K. police that all persons of Nigerian origin are frauders and/or have a propensity for such."

September 8, 2006, he appeared at the building where his hearing was to have been conducted and, after speaking with the staff, he filed a handwritten motion to reopen. He claimed that he misread the notice of his hearing and thought that the hearing was set for September 9, not September 7. Without elaborating, he stated that his mistake might have resulted from an alleged disorientation accompanying a "viral infection" during the previous week and the stress of his being "threatened with homelessness."

In denying Adebowale's motion, the IJ concluded that Adebowale had received adequate notice of the asylum hearing and had failed to demonstrate the exceptional circumstances required to excuse his absence. The IJ pointed out in his decision that Adebowale's illness could not have left him bedridden or have been so severe because he was able to personally appear and file his motion to reopen on the following day, September 8. And, the IJ continued, Adebowale presented no evidence (much less offered any details) in substantiation of his alleged illness. Additionally, the IJ noted the absence of evidence suggesting that a threat of eviction prevented Adebowale from attending his hearing. In contrast, the IJ said, the September 7 hearing date was clearly set forth in the written notice to appear that Adebowale had received. Furthermore, he was also advised of the location, date, and time of the hearing in person at the prior status hearing, and at that earlier hearing Adebowale confirmed that he understood the date and the consequences of failing to appear. The BIA upheld the IJ's decision, noting the lack of evidence to substantiate the allegations set forth in Adebowale's motion to reopen.

Adebowale petitions for review of the denial of his motion to reopen. Where the decision of the BIA relies on the decision of the IJ, we review the decision of the IJ as supplemented by the BIA. *Terezov v. Gonzales*, 480 F.3d 558, 560 (7th Cir. 2007); *see also Oryakhil v. Mukasey*, 528 F.3d 993, 998 (7th Cir. 2008). This court lacks jurisdiction to review decisions on motions to reopen except constitutional claims or questions of law. *Huang v. Mukasey*, 534 F.3d 618, 620 (7th Cir. 2008); *Kucana v. Mukasey*, 533 F.3d 534, 535-37 (7th Cir. 2008). A question does not become "constitutional" or "legal" just because its resolution involves the application of a legal standard; otherwise, nearly all factual determinations would fall within our jurisdiction despite Congress' mandate to the contrary. *See Huang*, 534 F.3d at 620; *Kucana*, 533 F.3d at 536-37. Rather, a legal question arises when the BIA has misinterpreted a statute, regulation, or constitutional provision, misread its own precedent, applied the wrong legal standard, or failed to exercise its discretion. *Huang*, 534 F.3d at 620; *see Khan v. Mukasey*, 517 F.3d 513, 517-18 (7th Cir. 2008); *Zamora-Mallari v. Mukasey*, 514 F.3d 679, 694 (7th Cir. 2008); *Bosede v. Mukasey*, 512 F.3d 946, 950-51 (7th Cir. 2008). Adebowale has failed to present either a constitutional or legal claim.

First, Adebowale quibbles with the determination that his failure to appear was not justifiable. In his filing, the petitioner states that the IJ and BIA failed to give adequate consideration to his allegation of illness and did not properly investigate and weigh the circumstances that supposedly kept him from attending. But as this court said in *Huang*, 534 F.3d at 621, a disagreement with

the weight assigned by the immigration courts to particular evidence does not present a question of law. *See also Kucana*, 533 F.3d at 536-37; *Khan,* 517 F.3d at 517-18.

Second, Adebowale contends that the IJ and BIA applied a de facto requirement that he produce medical records to substantiate his allegation of illness. By doing so, he argues, the IJ and BIA discriminated against him because he cannot afford to pay for medical services. But Adebowale misrepresents what actually transpired before the IJ. The IJ did not demand medical evidence, but instead noted that the lack of any corroborating evidence, including medical records, harmed the credibility of Adebowale's factual allegations. Adebowale did not even describe the symptoms that he suffered or explain why his illness prevented him from attending the hearing or accurately reading the date on the hearing notice. Indeed, Adebowale said only that he suffered from a "viral illness" that disoriented him and possibly contributed to his mistake. Adebowale's argument on this point really is an attempt to have this court reconsider whether his assertions, standing alone, constituted compelling evidence of a serious condition that prevented him from attending the hearing, and that is a factual question not premised on any legal mistake on the part of the IJ or BIA. *See Zamora-Mallari*, 514 F.3d at 694 (explaining that petitioner cannot disguise legal argument as factual one). As we pointed out earlier, this court lacks jurisdiction over this argument as well.

Finally, Adebowale argues that the notice to appear for his September 7 hearing was inadequate and thus

violated his right to due process because it incorrectly stated that he was scheduled for a removal hearing when he was actually scheduled for an asylum hearing. (That does not, of course, explain his failure to appear.) He also contends that the notice of the IJ's *in absentia* order of removal violates his right to due process because it does not state that the decision was *in absentia* and also says that his claims were denied rather than deemed abandoned. These arguments are nothing but another attempt to invoke our jurisdiction when there is in fact no legal question at stake. Regardless what Adebowale's notice designated the hearing as, the notice was clear that he had to appear. Equally clear were the admonishments delivered by the IJ. And Adebowale's allegations about the specific language in the order of removal are irrelevant because he already had moved to reopen the proceedings on September 8, before the written order of removal was even issued. Thus, the language in the order of removal was clear and could not have had any bearing on his actions. Adebowale's alleged misdesignation of the nature of the hearing could not possibly implicate due process, and that word choice is inadequate to make legal questions of his arguments. *See Zamora-Mallari*, 514 F.3d at 694. This court lacks jurisdiction over these contentions as well.

DISMISSED.