NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 12, 2009[*]
Decided August 12, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 08-3177

| | |
|---|---|
| FENG YU DONG, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | A 78 864 291 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States | |
| *Respondent.* | |

**O R D E R**

Feng Yu Dong, a Chinese citizen, was ordered removed in absentia after failing to appear for her removal hearing. Dong twice moved to reopen her case on the ground that she had never received notice of the hearing, but an immigration judge denied both motions. Dong appealed the second of those rulings to the Board of Immigration Appeals,

---

[*]On May 11, 2009, we granted a motion from Petitioner Feng Yu Dong to waive oral argument. Thus, the petition for review is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

which affirmed the decision. Dong petitions this court for review, but we must dismiss for lack of jurisdiction.

Dong arrived in Chicago, Illinois, in June 2002 on a flight from China and was granted permission to transit without a visa to her ticketed destination in Brazil. Though required to remain in the terminal until her outbound flight departed, Dong tried to abscond and was detained by immigration agents. The Department of Homeland Security charged her with removability, *see* 8 U.S.C. § 1227(a)(1)(B), and at her bond hearing she was represented by attorney Liu Yu, who said that Shuo Chen, a man purporting to be Dong's uncle, had hired her and agreed to sponsor Dong on bond. In an affidavit submitted to the immigration court, Chen averred that he was Dong's uncle and would "undertake full responsibility for seeing to it that Dong . . . makes all required Court appearances." It is unclear from the record how Dong's bond hearing was conducted or whether she was present, but she was released on bond in September 2002 and was personally served with notice to appear at another hearing scheduled for the following month. The notice included standardized language instructing Dong to apprise the immigration court of her address within five days and warning her that future notices sent to her most-recent address on file would be deemed sufficient and that proceedings could occur in her absence if she failed to appear.

The immigration court repeatedly postponed Dong's hearing, each time notifying attorney Yu. The lawyer, in turn, notified Chen, Dong's purported uncle. Chen eventually told the lawyer that Dong had moved in with another relative and would find a new lawyer, but no other lawyer ever entered an appearance on her behalf. Yu's address thus remained the only one on file, and so that is where the immigration court sent notice that Dong's removal hearing would finally take place on October 2, 2003. Dong failed to appear, and the IJ ordered her removed in absentia.

Seventeen months later, in March 2005, a new lawyer entered an appearance for Dong and filed a motion to reopen the proceedings on the ground that she had never received notice of her removal hearing. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). Dong supplied a supporting affidavit stating that a smuggler—she did not give his name—had arranged her trip to the United States and told her after the bond hearing that the lawyer he hired would contact her about the hearing date. But, according to Dong, the smuggler took all of her paperwork, and so when she "lost contact" with him the following month, she had no way of obtaining information about her case. Dong said nothing in this motion about Chen. The IJ denied the motion in May 2005, explaining that the government had discharged its duty to give Dong notice of the removal hearing by sending word to counsel of record. *See* 8 C.F.R. § 292.5(a).

Dong did not appeal the IJ's ruling. For two years she did nothing, and then in May 2007 a third lawyer entered an appearance and filed another motion to reopen. Tweaking the explanation she gave in her first motion, Dong denied knowing Chen (the man who swore he was her uncle) and insisted that she had never met or even heard of Yu. That lawyer, Dong insisted, had probably been retained by the smuggler, who lost interest in Dong once her family had paid his fee. And since she had never been in contact with the lawyer, Dong argued, a notice of the hearing date sent to Yu could not have been sufficient to apprise her of the time and place. Yet this motion also included an affidavit from Yu which undermines Dong's story; Yu confirmed that she had never been in direct contact with Dong and had communicated only with the man claiming to be her uncle, but the lawyer also said that Dong had once spoken to her on the phone. Yu had not been able to understand Dong because they speak different dialects, but the phone call itself contradicts Dong's assertion that she never knew Yu had been hired to represent her. Dong also submitted an application for asylum, claiming she had been forcibly sterilized in China after violating the country's one-child policy.

The IJ again rejected the notice argument, further concluding that Dong's motion was numerically barred under 8 C.F.R. § 1003.23(b)(4)(ii), which limits an alien to one motion to reopen on the ground that removal was ordered without adequate notice. Having denied the motion to reopen, the IJ never reached the merits of Dong's asylum application. Dong appealed, and the Board affirmed the IJ's ruling. The Board agreed with the IJ that Dong's motion was numerically barred and added that, in any event, notice to attorney Yu was adequate.

Dong asks us to review the denial of her second motion, which she characterizes as an abuse of discretion. Both parties affirmatively represent that we have jurisdiction to review this adverse ruling, but neither acknowledges our holding that a discretionary decision to deny a motion to reopen is beyond our review unless the decision raises a legal question. 8 U.S.C. § 1252(a)(2)(B)(ii), (a)(2)(D); *Kucana v. Mukasey*, 533 F.3d 534, 535-38 (7th Cir. 2008), *cert. granted*, 77 U.S.L.W. 3594 (U.S. Apr. 27, 2009) (No. 08-911). A legal question arises when the Board misinterprets a statute, regulation, constitutional provision, or its own precedent, applies the wrong legal standard, or fails to exercise its discretion at all. *Patel v. Holder*, 563 F.3d 565, 568 (7th Cir. 2009).

Here, the IJ denied Dong's motion, and the Board affirmed, because an alien who is ordered removed in absentia may file only one motion to reopen unless the first was denied on purely technical grounds, *see* 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(ii); *Chowdhury v. Ashcroft*, 241 F.3d 848, 852-54 (7th Cir. 2001), and Dong's first motion had been denied on the merits. The Board's conclusion did not involve a legal question, and we therefore lack jurisdiction to review it. *Cf. Johnson v. Mukasey*, 546 F.3d 403, 404-05 (7th Cir.

2008) (concluding that Board's discretionary decision not to toll deadline for motion to reopen is unreviewable).

We add, however, that we would not grant Dong's petition for review even if we had jurisdiction.  Dong advances no real argument why the Board should have granted her successive motion notwithstanding the fact that her first had already been denied on the merits; she asserts only that the numerical limitation on motions to reopen is a "procedural technicality" and thus an illegitimate basis for disposing of her case.  But the one-motion limitation is not a technicality; it is the means by which the Board prevents redundant and dilatory filings—a necessary measure in proceedings where "every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323 (1992); *see also Derezinski v. Mukasey*, 516 F.3d 619, 620-21 (7th Cir. 2008).  And, although Dong is correct that the Board *could* have exercised its discretion to reopen her case, it certainly was not *required* to, especially in light of the fact that her second motion raises essentially the same argument as her first.  *See Derezinski*, 516 F.3d at 621; *Joshi v. Ashcroft*, 389 F.3d 732, 735 (7th Cir. 2004).

In any event, the Board's conclusion that the government provided adequate notice of Dong's removal hearing is unassailable.  When an alien in removal proceedings is represented by counsel, the immigration regulations provide that the government shall give notice of any hearing to the alien's attorney.  8 C.F.R. § 292.5.  Whether or not Dong and Yu communicated directly, the fact remains that Yu was the only attorney ever to enter an appearance on Dong's behalf prior to her removal hearing.  Moreover, Dong failed to apprise the immigration court of her whereabouts despite being warned by the court in person that removal proceedings could be held in her absence if she did not.  Having made herself unreachable, Dong was not entitled to have her case reopened because of inadequate notice.  *See Sabir v. Gonzales*, 421 F.3d 456, 459 (7th Cir. 2005).

DISMISSED.