**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2019[*]
Decided March 13, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

Nos. 16-3676 & 17-1842

| | |
|---|---|
| ADEOYE O. ADEBOWALE,<br>   *Petitioner*, | Petitions for Review of Orders from the<br>Board of Immigration Appeals. |
| *v.* | No. A098-814-677 |
| WILLIAM P. BARR,<br>Attorney General of the United States,<br>   *Respondent*. | |

**O R D E R**

In *Adebowale v. Mukasey*, 546 F.3d 893 (7th Cir. 2008), we dismissed for lack of jurisdiction Adeoye Adebowale's petition for review of a Board of Immigration Appeals order denying his motion to reopen his asylum case. Adebowale now appeals two subsequent BIA orders denying two further motions to reopen the case. We consolidated the appeals for purposes of disposition. Because Adebowale has not

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

shown changed country conditions to excuse his untimely motions, we affirm in part and dismiss in part.

Adebowale, a Nigerian-born citizen of the United Kingdom, traveled to the United States in December 2004 under the Visa Waiver Pilot Program, *see* 8 C.F.R. § 217.2, and overstayed. The following year, he applied for asylum, stating that he faced persecution in the United Kingdom because of his work as a human rights attorney. But Adebowale missed his asylum hearing, so an Immigration Judge dismissed the case and entered an *in absentia* order of removal; the BIA upheld that decision. Because his appeal raised only unreviewable questions of fact, we dismissed his appeal for lack of jurisdiction. *See Adebowale*, 546 F.3d at 895.

Adebowale remained in the United States and, in June 2016, moved to reopen his asylum case based on changed country conditions that, he said, led him to fear for his safety if he returned to the United Kingdom. Because the 180-day deadline for filing a motion to reopen an *in absentia* order had long since passed, *see* 8 U.S.C. § 1229a(b)(5)(C)(i), he sought to satisfy one of the exceptions to the time limit by raising a claim for asylum based on changed country conditions arising in the country of nationality, 8 U.S.C. § 1229a(c)(7)(C)(ii). In a sprawling motion, he cited various incidents involving American and British police that, he asserted, reflected some unspecified form of collusion against him. The BIA, however, found "no objective evidence" of any material change in Britain, and dismissed the motion as untimely, explaining that any motion to reopen was due within 180 days after the immigration judge entered the September 2006 *in absentia* order of removal. *See* 8 U.S.C. § 1229a(b)(5)(C)(i).

Two months later, Adebowale filed a similar motion seeking reconsideration of the BIA's denial of his June 2016 motion, and alternatively seeking to reopen his case based on changed country conditions. In a cover letter, Adebowale asserted that "Various News Articles"—which he neither attached nor identified—reflected increased hostility toward racial minorities in the aftermath of Britain's vote to leave the European Union. He also referenced the killing of a Minister of Parliament known for supporting immigrants' rights. The BIA concluded that "[w]hether treated as a motion to reopen or one seeking reconsideration," Adebowale's motion was untimely. *See* 8 U.S.C. §§ 1229a(b)(5)(C)(i), (c)(6); 8 C.F.R. §§ 1003.2(b), 1003.23(b)(4)(ii). It went on to characterize the motion as a "virtual[] duplicate" of the one it had recently denied, and declined to revisit the decision. As for the cover letter, the BIA added that Adebowale failed to submit the news articles he cited, and even if he had submitted

them, he had not "shown how such documents would … have shown materially changed country conditions in his case."

Adebowale now seeks review of the BIA's denial of his June and November 2016 motions. Because his petition relating to his June motion to reopen (No. 16-3676) was filed one day late, however, we ordered Adebowale to address in his brief whether an exception applied under Federal Rule of Appellate Procedure 26(a)(3), which extends the filing period by one day if the clerk's office is inaccessible on the due date. Adebowale explained that he tried to drop off his petition after hours on the day it was due, believing that the clerk's office would accept it as having been received on that day, but the office was closed. This explanation, however, is not comparable to the extraordinary circumstances such as severe weather, natural disaster, or technological glitches that might excuse an untimely filing. *See Carter v. Hodge*, 726 F.3d 917, 920 (7th Cir. 2013); *Chao Lin v. U.S. Atty. Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2013). Thus, we do not have jurisdiction over his first petition (No. 16-3676), *see Ajose v. Gonzales*, 408 F.3d 393, 395 (7th Cir. 2005), and we will deny his motion to submit new evidence.

With regard to Adebowale's petition to review his November 2016 motion to reopen (No. 17-1842), he argues that the BIA erred by failing to take judicial notice of the unsubmitted news articles that, he maintains, show changed country conditions. (He does not appear to challenge the BIA's denial of his motion to reconsider.) An applicant seeking to reopen proceedings bears the burden to show (1) changed country conditions, (2) that are material, and (3) that the evidence showing changed circumstances was not previously available and could not have been discovered or presented at the prior hearing in the case. 8 U.S.C. § 1229a(c)(7)(C)(ii); *Ramos-Braga v. Sessions*, 900 F.3d 871, 881 (7th Cir. 2018). We review the BIA's denial of motions to reopen for abuse of discretion. *Id*; *Yahya v. Sessions*, 889 F.3d 392, 395–96 (7th Cir. 2018).

The BIA properly concluded that Adebowale failed to carry his burden. Even assuming the BIA could identify and take judicial notice of the news articles, *see Shu Han Liu v. Holder*, 718 F.3d 706, 710 (7th Cir. 2013); *Medhin v. Ashcroft*, 350 F.3d 685, 690 (7th Cir. 2003), Adebowale failed to identify the articles or to explain based on the information purportedly in those articles how they demonstrated "a fundamental shift in the safety and security of his country," *Yahya*, 889 F.3d at 396.

We have considered Adebowale's remaining arguments and none has merit.

For the foregoing reasons, we **DISMISS** Adebowale's first petition (No. 16-3676) for lack of jurisdiction and **AFFIRM** the BIA's decision related to his second (No. 17-1842). Adebowale's motion to submit additional evidence is **DENIED**.