In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-1652

AURA M. CHAVEZ-VASQUEZ,

*Petitioner,*

*v.*

MICHAEL B. MUKASEY, United States
Attorney General,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A71-578-577

ARGUED OCTOBER 16, 2008—DECIDED DECEMBER 8, 2008

Before RIPPLE, EVANS and TINDER, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Aura Chavez-Vasquez fled her
native Guatemala and illegally entered the United States.
When the Government initiated removal proceedings, she
applied for cancellation of removal, but the immigration
judge ("IJ") concluded that she had not proven that her
children would suffer extreme hardship if she were
removed. The Board of Immigration Appeals ("BIA")
upheld the IJ's decision, and Ms. Chavez-Vasquez peti-

tioned this court for review. For the reasons set forth in this opinion, we conclude that we lack subject matter jurisdiction and therefore dismiss her petition.

## I

## BACKGROUND

### A. Facts

In 1991, when Ms. Chavez-Vasquez was seventeen years old, masked men entered her family's home in Guatemala, kidnapped her uncle, raped her and threatened to kill her if she reported the rape. In response, Ms. Chavez-Vasquez left Guatemala and illegally entered the United States. She lived in California for several years, at first with her aunt in Los Angeles and later with her boyfriend and their child, Melvin, who was born in 1994. In 1996, Ms. Chavez-Vasquez moved to Carthage, Missouri. Four years later, she gave birth to her second child, Henry. Ms. Chavez-Vasquez currently lives in Carthage with her two children and Henry's father, who is also an undocumented immigrant from Guatemala. The children are both United States citizens.

In 2003, Ms. Chavez-Vasquez applied, under a false name, for a Missouri state identification card. The falsity of her application was discovered, and she was charged with felony forgery. When Missouri officials learned that Ms. Chavez-Vasquez was in the country illegally, they dropped the state forgery charge but turned her over to the Department of Homeland Security ("DHS"). Subsequently, DHS initiated removal proceedings.

**B. Administrative Proceedings**

At a merits hearing in January 2006, Ms. Chavez-Vasquez requested that the IJ cancel her removal. She submitted that her sons would suffer extreme hardship if she were ordered removed because she would have to take the children with her to Guatemala. In support of her contention, she presented evidence that her younger son, Henry, is afflicted with asthma, is prone to respiratory infections and frequently suffers from high fevers and vomiting. Ms. Chavez-Vasquez explained that Henry's ailments stem from an early childhood bout of pneumonia. Her son's medical records indicate that Henry required medical attention on seventy-four occasions between 2000 and 2005; however, she admitted that, at the time of the hearing, Henry was not on any medications. Although she believed Henry could not obtain health care in Guatemala, Ms. Chavez-Vasquez also admitted that she had not investigated the availability of Guatemalan doctors and hospitals. Ms. Chavez-Vasquez's older child, Melvin, testified that he could not read or write in Spanish, that he liked living in the United States where he could pursue higher education and better jobs and that he had become ill when he visited Guatemala with his aunt.

Ms. Chavez-Vasquez also presented documentary evidence regarding current conditions in Guatemala. She submitted a report compiled in 2000 by the Immigration and Naturalization Service that described hardship conditions in Guatemala, including income inequality, poor health care resources and high homicide rates. She also introduced several news articles from 2005 reporting food

shortages in the wake of Hurricane Stan. She introduced additional articles that focused on Guatemala's problems with drug trafficking and violence against women.

The IJ found that Ms. Chavez-Vasquez met three of the four requirements for cancellation of removal: She had been physically present in the United States for more than 10 years, she had a good moral character, and she had no disqualifying criminal convictions. However, the IJ concluded that Ms. Chavez-Vasquez had failed to establish the fourth requirement: that her removal would cause her children "exceptional and extremely unusual hardship." In particular, the IJ noted that neither emotional distress nor economic detriment upon leaving the United States constituted unusual hardship because those difficulties are quite common among removed aliens. The IJ did not accept Ms. Chavez-Vasquez's submission that Henry's medical conditions would go untreated in Guatemala because she had not introduced any objective evidence in support of that claim. The IJ therefore denied her request for cancellation of removal.

Ms. Chavez-Vasquez appealed the IJ's decision to the BIA. She contended that the IJ did not give sufficient consideration to her evidence describing conditions in Guatemala. She also challenged the IJ's conclusion that she had not shown that Henry could not obtain adequate medical care in Guatemala.

The BIA affirmed the IJ's decision. It observed that the hardships Ms. Chavez-Vasquez and her children would face in Guatemala were not "so disproportionately severe that they may fairly be characterized as 'exceptional and extremely unusual.'" A.R. at 3.

## II

## DISCUSSION

We cannot reach the merits of Ms. Chavez-Vasquez's case. Congress determines our jurisdiction over the decisions of the BIA, and, under current law, we are not authorized to review her petition.[1] The courts of appeals are barred from reviewing "any judgment regarding the granting of relief under section [1229(b)]," the section of the Immigration and Nationality Act that governs cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *see also Martinez-Maldonado v. Gonzales*, 437 F.3d 679, 682 (7th Cir. 2006).

Despite this general jurisdictional bar, we may nonetheless review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 773 (7th Cir. 2007). Ms. Chavez-Vasquez presents two such issues: she argues that the brevity of her removal hearing, as well as the IJ's treatment of her evidence regarding current conditions in Guatemala, violated her right to due process. For the reasons set forth below, we hold that Ms. Chavez-Vasquez has failed to establish that this court has jurisdiction over either claim.

---

[1]   The Seventh Circuit is the proper circuit for the review of this case. Although Ms. Chavez-Vasquez lives in Missouri, a state within the Eighth Circuit, her case is properly before this court because an immigration judge sitting in Chicago heard her case via televideo. Venue is determined by the location of the immigration court rather than the by location from which witnesses appear via teleconference. *See Ramos v. Ashcroft*, 371 F.3d 948, 949 (7th Cir. 2004).

**A.**

Ms. Chavez-Vasquez submits that her two-hour removal hearing was so short that the IJ could not have given adequate consideration to all the issues that she raised. She presents statistics documenting immigration judges' highly congested dockets. *See Kadia v. Gonzales*, 501 F.3d 817, 820-21 (7th Cir. 2007) (discussing time pressures on overworked immigration judges). That lack of consideration, she contends, was so severe that it violated her right to a meaningful hearing. Ms. Chavez-Vasquez also suggests that the use of an interpreter and video conferencing technology at her hearing compounded the due process violation. However, we have noted that "[n]o court has ever held that Congress has violated the due process clause by authorizing removal hearings to proceed via video conference." *Rapheal v. Mukasey*, 533 F.3d 521, 531 (7th Cir. 2008).

As a threshold matter, we lack jurisdiction to resolve this issue because Ms. Chavez-Vasquez did not exhaust her administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Pjetri v. Gonzales*, 468 F.3d 478, 481 (7th Cir. 2006). She did not raise her due process argument before the BIA. We may not hear an unexhausted claim unless it presents an issue that the BIA cannot decide adequately such as a claim involving "fundamental constitutional violations." *Pjetri*, 468 F.3d at 481. Ms. Chavez-Vasquez's due process claim is "based on procedural failings that the BIA is capable of addressing." *Pjetri*, 468 F.3d at 481. The BIA was capable of correcting any procedural errors made by the IJ; if warranted, the BIA could have simply remanded the case to the IJ with

instructions to hold a longer, more comprehensive hearing. *See Rapheal*, 533 F.3d at 530. Because Ms. Chavez-Vasquez did not exhaust the due process claim, we cannot review it. *See* 8 U.S.C. § 1252(d)(1).

Even if we could review this contention on the merits, we could not give Ms. Chavez-Vasquez relief. To succeed on a due process claim, a petitioner must show that she was prejudiced. *See Alimi v. Gonzales*, 489 F.3d 829, 834 (7th Cir. 2007). Ms. Chavez-Vasquez has not demonstrated prejudice here. She neither points to evidence that she would have presented had the hearing been longer, nor does she explain how the length of the hearing affected its outcome. *See Bakarian v. Mukasey*, 541 F.3d 775, 785 (7th Cir. 2008) (finding no due process violation where the petitioner did not introduce the evidence he would have presented had his witness testified).

### B.

Ms. Chavez-Vasquez next argues that the IJ violated her due process rights by neglecting to consider the evidence that she submitted regarding country conditions in Guatemala. This argument is contradicted by the record; in her opinion, the IJ discussed Guatemala's "extreme poverty" and "rampant crime" as well as its lower standard of living and limited economic opportunities. A.R. at 56, 58. Ms. Chavez-Vasquez's claim is therefore more fairly characterized as an assertion that the IJ placed too little weight on the evidence that Ms. Chavez-Vasquez presented. Because this argument does not present a question of law, we lack jurisdiction to entertain it. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i),

(a)(2)(D); *Huang v. Mukasey,* 534 F.3d 618, 621 (7th Cir. 2008) (holding that, because the petitioner's claim that the BIA placed improper weight on certain evidence did not present a question of law, the court lacked jurisdiction to consider the claim). *Cf. Iglesias v. Mukasey*, 540 F.3d 528, 531 (7th Cir. 2008) (noting that a petitioner has no liberty or property interest in discretionary relief and concluding that "a claim that the BIA has *completely* ignored the evidence put forth by a petitioner is an allegation of legal error" (emphasis added)). Ms. Chavez-Vasquez's contention that the IJ should have placed greater weight on conditions in Guatemala is thus beyond our review.

### Conclusion

We lack jurisdiction to consider Ms. Chavez-Vasquez's arguments. We therefore dismiss her petition for review.

PETITION DISMISSED