NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued August 4, 2009
Decided August 11, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

Nos. 08-3068 & 08-3873

| | |
|---|---|
| ROBERTO CRUZ-MAYAHO,<br>     *Petitioner*, | Petitions for Review of an Order of the<br>Board of Immigration Appeals. |
|     *v.* | No. A90 712 401 |
| ERIC H. HOLDER, JR., Attorney<br>General of the United States,<br>     *Respondent*. | |

**O R D E R**

Roberto Cruz-Mayaho, a native and citizen of Mexico, was charged with removability for being present in the United States without being admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i). An immigration judge found him removable and ineligible for cancellation of removal. The Board of Immigration Appeals affirmed the IJ's decision without issuing a separate opinion and denied Cruz-Mayaho's motion to reconsider. He now petitions for review. Because we lack jurisdiction, we dismiss Cruz-Mayaho's petition.

Cruz-Mayaho entered the United States without inspection in 1989. Although illegally present in the country, he built a decent life for himself over the next sixteen years. By all accounts, he was a valued member of the community and a hard-working and (apart from his immigration violation) a law-abiding person. In 2005, however, the Department of Homeland Security (which apparently caught up with him while he was volunteering his services as a roofer in Louisiana to help victims of Hurricane Katrina) served him with a notice to appear and commenced removal proceedings.

Cruz-Mayaho admitted removability but later sought cancellation of removal based upon "exceptional and extremely unusual hardship" to his two U.S.-born children, aged three and four. (The record indicates that Cruz-Mayaho's wife is also an undocumented alien.) At his hearing, he said that his daughter had a "problem" with her left eye that required periodic medical attention but was "under control." And he testified to the hardships his removal would create for both children. First, he predicts that he would have no way to provide for them regardless of whether they remained in the United States or joined him in Mexico. Second, he fears that they would be swept into gangs if they are left to fend for themselves in the United States.

At the conclusion of the removal hearing, the IJ rejected Cruz-Mayaho's application for cancellation of removal. The judge found that although Cruz-Mayaho had shown continuous physical presence in the United States for ten years and good moral character, see 8 U.S.C. § 1229b(b)(1), he had not established that his removal would work an "exceptional and extremely unusual hardship" on his children. The IJ reasoned that the hardship his children might suffer was not "substantially beyond that which would be ordinarily expected to result from an alien's deportation." The judge did, though, allow Cruz-Mayaho to depart the United States voluntarily. Cruz-Mayaho then appealed to the BIA, which adopted the IJ's decision without opinion.

In 2008 Cruz-Mayaho filed a motion to reconsider with the BIA, contending that the Board "did not properly address" his arguments. If the BIA had done so, Cruz-Mayaho asserted, it would have found that his deportation would lead to "horrific hardships" for his children. Cruz-Mayaho also raised for the first time a somewhat vague due process argument—he contended that his case had been adjudicated by an IJ known to be hired during a spate of political appointments at the Department of Justice. Three months later the BIA denied his motion for reconsideration, determining that it reiterated previous arguments for the most part and that his due process claims were without merit. Cruz-Mayaho now petitions this court for review of the BIA's rejection of his motion for reconsideration and of the underlying BIA decision.

In his petition for review, Cruz-Mayaho argues that the BIA erred in upholding the IJ's decision and denying his motion for reconsideration. The Government, however, raises the threshold question whether we have jurisdiction over this appeal. The Government urges that 8 U.S.C. § 1252(a)(2)(B) strips this court of jurisdiction to consider both the underlying decision denying cancellation of removal and the BIA's denial of Cruz-Mayaho's motion for reconsideration. Under that provision, "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i). We have consistently construed this provision to mean that a discretionary decision to cancel removal pursuant to 8 U.S.C. § 1229b(b)(1) is not subject to judicial review, see, *e.g.*, *Stepanovic v. Filip*, 554 F.3d 673, 678-79 (7th Cir. 2009); *Martinez-Maldonado v. Gonzales*, 437 F.3d 679, 682 (7th Cir. 2006); *Leyva v. Ashcroft*, 380 F.3d 303, 305-06 (7th Cir. 2004), unless it involves either "constitutional claims" or "questions of law," 8 U.S.C. § 1252(a)(2)(D); see *Mireles v. Gonzales*, 433 F.3d 965, 968-69 (7th Cir. 2006).

Cruz-Mayaho does not acknowledge this jurisdictional bar and declined even to file a reply brief to respond to the Government's argument, despite being granted two extensions of time. He does, however, suggest that the BIA and IJ erred "as a matter of law" because of changed circumstances in Mexico. He contends that his children would face "lesser educational opportunities, a diminished future, and inadequate medical care" in Mexico. But this contention is nothing more than a challenge to the IJ's factual findings regarding the hardship his children might suffer if he were removed to Mexico. Such a challenge is beyond this court's jurisdiction because it seeks review of a discretionary, factual determination rather than a legal question. See *Khan v. Filip*, 554 F.3d 681, 688-89 (7th Cir. 2009). Because we lack jurisdiction to review the IJ's underlying decision, we also lack jurisdiction to review the BIA's denial of Cruz-Mayaho's motion for reconsideration. See *Martinez-Maldonado*, 437 F.3d at 683; *Dave v. Ashcroft*, 363 F.3d 649, 652 (7th Cir. 2004).

The only argument Cruz-Mayaho advances that might conceivably raise a "question of law" is his claim that the IJ applied an incorrect standard when evaluating his argument for cancellation of removal. Cruz-Mayaho points out that the judge required him to demonstrate "extreme and unusual hardship," rather than "exceptional and extremely unusual hardship," as required under the statute. Yet the context of the judge's misstatement reflects that he understood the correct standard; the misstatement occurred only once and appears within the section bearing the heading "Exceptional and Extremely Unusual Hardship." See generally *Tariq v. Keisler*, 505 F.3d 650, 656 (7th Cir. 2007).

Cruz-Mayaho's remaining arguments—that the IJ and BIA violated his right to due process of law by ignoring evidence and appearing biased—are also without merit. See, *e.g.*, *Chavez-Vasquez v. Mukasey*, 548 F.3d 1115, 1118-19 (7th Cir. 2008) (due process claims

require prejudice); *Khan v. Mukasey*, 517 F.3d 513, 518 (7th Cir. 2008) (due process does not extend to proceedings that provide only discretionary relief). We note finally that his arguments concerning his motion to reopen, which we understand is pending before the BIA, are premature from this court's standpoint. Counsel for the Government conceded that Cruz-Mayaho would be entitled to file a new petition for review from the Board's adjudication of that motion.

Accordingly, we **DISMISS** Cruz-Mayaho's petitions for review.