NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 14, 2009
Decided November 4, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-1644

| | |
|---|---|
| GREGORIO GURROLA-ROSALES, <br> *Petitioner*, | Petition for Review of an Order of the <br> Board of Immigration Appeals. |
| *v.* | No. A098 172 130 |
| ERIC H. HOLDER, JR., <br> Attorney General of the United States, <br> *Respondent*. | |

**O R D E R**

Gregorio Gurrola-Rosales, a citizen of Mexico, illegally crossed the border into the United States in 1992. He was 17 years old at the time. In 2004, the Department of Homeland Security ("DHS") commenced removal proceedings against him. In 2007, following a hearing, an immigration judge ("IJ") granted Gurrola-Rosales's application for cancellation of removal based on a finding that his daughter would suffer exceptional and extremely unusual hardship if he was forced to leave the country. The DHS appealed. The Board of Immigration Appeals ("BIA") reversed and ordered Gurrola-Rosales removed from the United States. Gurrola-Rosales now petitions for review, but because we lack jurisdiction, we must dismiss his petition.

Gurrola-Rosales settled in Kansas City, Kansas, secured steady employment, purchased a home, and fathered four children. But after a dozen years here, DHS wanted him removed.

Gurrola-Rosales conceded removability but sought cancellation of removal based on "exceptional and extremely unusual hardship" to his 3-year-old daughter. *See* 8 U.S.C. § 1229b(b)(1)(D). At his hearing before the IJ, Gurrola-Rosales testified that his daughter, a United States citizen, has a medical condition that causes recurrent growths in her larynx and requires frequent outpatient surgeries. This condition, he said, affects her speech and interferes with her breathing, but does not require her to take any medications or limit her activities. His daughter's treatment is covered by Medicaid, and doctors expect the condition to subside when the girl is a teenager. Gurrola-Rosales testified that he is the sole source of support for his daughter and her mother, and that if he is removed to Mexico, the child will remain in the United States with her mother, an undocumented alien with no source of income. When asked about the child's mother's background, Gurrola-Rosales explained that she has never worked, and that before moving in with him, she lived with family members in the United States. He further noted that his daughter's maternal grandmother suffers from diabetes.

At the conclusion of the hearing, the IJ granted Gurrola-Rosales's application for cancellation of removal. The IJ found that Gurrola-Rosales had shown continuous physical presence in the United States for ten years and that, as the government conceded, he had established good moral character. *See* § 1229b(b)(1). The IJ next found that Gurrola-Rosales had established that his removal would work an exceptional and extremely unusual hardship on his daughter given her medical issues, frequent surgeries, and the possibility that she may be at risk for diabetes, which, the IJ opined, could be aggravated by medications. The IJ concluded by stating that, "Under these circumstances, the Court finds that at this trying time in the child's life, to be separated from her father when she is going through this medical sojourn in which she is exposed to repetitive operations, the Court finds that psychologically and physiologically, the child would suffer the requisite exceptional and extremely unusual hardship."

The DHS appealed, and the BIA vacated the IJ's order and denied Gurrola-Rosales's application for relief. The BIA explained that Gurrola-Rosales had failed to show that his daughter would experience exceptional and extremely unusual hardship if he is removed, given that she would likely remain with her mother in the United States, where the government pays for her medical care. The BIA concluded that the IJ had further erred by speculating about the risk of a future onset of diabetes. Moreover, the BIA reasoned, the IJ's finding that the child would suffer psychological hardship was not supported by any testimony in the record. Accordingly, the BIA ordered Gurrola-Rosales removed and

remanded the case to the IJ for the limited purpose of addressing Gurrola-Rosales's request for voluntary departure.[1]  This petition for review followed.

In his petition Gurrola-Rosales argues that the BIA erred in reversing the IJ's decision and failed to thoroughly review the record.  The government, however, responds that we lack jurisdiction to consider the petition.  As the government correctly notes, 8 U.S.C. § 1252(a)(2)(B)(i) strips us of jurisdiction to review any judgment regarding the discretionary decision to cancel removal under § 1229b(b)(1).  *See Stepanovic v. Filip*, 554 F.3d 673, 678-79 (7th Cir. 2009); *Chavez-Vasquez v. Mukasey*, 548 F.3d 1115, 1118 (7th Cir. 2008); *Mireles v. Gonzales*, 433 F.3d 965, 968 (7th Cir. 2006).  Nevertheless, we retain jurisdiction to consider constitutional claims or questions of law.  8 U.S.C. § 1252(a)(2)(D); *Chavez-Vasquez*, 548 F.3d at 1118.

Gurrola-Rosales attempts to skirt this jurisdictional bar by arguing that the BIA violated his right to due process by completely failing to consider the record and "irrationally" remanding the case to the IJ for a determination on his request for voluntary departure.  At the outset, Gurrola-Rosales's contention that the BIA's limited remand was confusing and irrational lacks merit.  Because the IJ granted Gurrola-Rosales's request for relief, the IJ did not make the necessary findings to support voluntary departure under 8 U.S.C. § 1229c.  Although the evidence in the record may have been sufficient to support a finding of eligibility, the BIA was entitled to permit the IJ to make this determination in the first instance.  *See* 8 C.F.R. § 1003.1(d)(3) (detailing the BIA's scope of review); *see, e.g.*, *Zamora-Mallari v. Mukasey*, 514 F.3d 679, 695 (7th Cir. 2008); *Zahren v. Gonzales*, 487 F.3d 1039, 1040 n.2 (7th Cir. 2007); *Castrejon-Garcia v. Immigration & Naturalization Serv.*, 60 F.3d 1359, 1361-62 (9th Cir. 1995).  And Gurrola-Rosales's contention that the BIA so completely failed to consider the evidence as to constitute a denial of due process is belied by the record.  As the BIA explained, its decision to reverse the IJ's grant of relief was based on its finding that the medical evidence and testimony "does not indicate that [the daughter's] condition is so severe that it imposes needs and limitations in her life which would necessitate the respondent's continued residence in the United States."  Based on its examination of the record, the BIA further concluded that there was no evidence to show that his daughter faced psychological harm or a specific risk of diabetes.  The BIA's order discusses Gurrola-Rosales's testimony in detail and supports its reasoning with citations to the hearing transcript and record evidence.  Accordingly, Gurrola-Rosales's argument is

---

[1]  Because the BIA's order of removal will not be affected by the outcome of Gurrola-Rosales's application for voluntary departure, the order is a "final order of removal" under 8 U.S.C. § 1252(a)(1), the first hurdle to our jurisdiction.  *See Viracacha v. Mukasey*, 518 F.3d 511, 513-14 (7th Cir. 2008); *Yusupov v. Attorney Gen.*, 518 F.3d 185, 195-96 (3d Cir. 2008).

more accurately characterized as a challenge to the manner in which the BIA weighed the evidence, and thus does not present a question of law. *See Chavez-Vasquez*, 548 F.3d at 1119; *Khan v. Filip*, 554 F.3d 681, 688-89 (7th Cir. 2009).

Perhaps anticipating this outcome, Gurrola-Rosales also contends that the BIA did not follow its own precedent, noting that prior decisions of the BIA, addressing the standard for exceptional and extremely unusual hardship, "have all turned on the ability of those respondents to care for their children." Gurrola-Rosales is correct that questions of law may include a misreading of the Board's own precedent or use of the wrong legal standard. *See Patel v. Holder*, 563 F.3d 565, 568 (7th Cir. 2009); *Huang v. Mukasey*, 534 F.3d 618, 620 (7th Cir. 2008). But here the BIA applied the correct legal standard under § 1229b, and although recognizing that *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (BIA 2001), suggests that an alien might have a strong case for cancellation of removal if he can show that he has "a qualifying child with very serious health issues," the BIA nevertheless found that the medical condition of Gurrola-Rosales's daughter is not "so severe" that it would cause her to experience exceptional and extremely unusual hardship. The BIA further noted that the child is likely to remain with her mother where her medical expenses will be covered. Again, Gurrola-Rosales's argument can only be described as a challenge to the BIA's factual determinations and thus presents no question of law for review. *See Adebowale v. Mukasey*, 546 F.3d 893, 896 (7th Cir. 2008) ("A question does not become 'constitutional' or 'legal' just because its resolution involves the application of a legal standard . . . ."); *Johnson v. Mukasey*, 546 F.3d 403, 404-05 (7th Cir. 2008). Because Gurrola-Rosales has not identified any constitutional claims or questions of law, we lack jurisdiction to review the BIA's order of removal.[2]

Accordingly, we DISMISS the petition for review.

---

[2] Finding that we lack jurisdiction to review the BIA's decision should not be confused with agreeing with that decision. Given Gurrola-Rosales's 17 years here, his admittedly good moral character, his work record, family, and sickly daughter, we much prefer the decision of Judge Brahos. With everything else it has to do, why the DHS thought this matter was so important that an appeal to the BIA was necessary, is less than clear.