**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 8, 2011
Decided November 16, 2011

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1187

| | |
|---|---|
| YADWINDER SINGH,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A096 298 571 |
| ERIC H. HOLDER, JR.,<br>Attorney General of the United States,<br>    *Respondent*. | |

**O R D E R**

Yadwinder Singh, an Indian citizen, petitions for review of an order of the Board of Immigration Appeals upholding an Immigration Judge's refusal to grant his application for cancellation of removal. We lack jurisdiction to review discretionary denials of petitions for cancellation of removal unless the petitioner presents a legal or constitutional argument. Singh argues that the Board misunderstood the standard for evaluating hardship; the Board did not err, however, and we deny the petition as to this claim. Singh also argues that the Board ignored evidence, but this factual argument is unsupported by the record;  we dismiss this part of the petition for lack of jurisdiction.

Singh entered the United States illegally in 1990, when he was 19 years old, and has lived here ever since. He is married to an Indian citizen, and together they have three

children who were all born in the United States and thus are American citizens. Immigration authorities caught up with Singh in June 2007 and placed him in removal proceedings for being illegally present in the United States. Singh conceded that he lacked permission to be in the United States and applied for cancellation of removal. To qualify, Singh had to show that he had been present in the United States for ten years, that he was a person of good moral character with no disqualifying convictions, and that his removal would amount to an "exceptional and extremely unusual hardship" to his American children. *See* 8 U.S.C. § 1229b(b)(1).

In proceedings before the IJ, the parties addressed Singh's moral character and the hardship his removal would cause to his children. No one contested that Singh had been in the United States continuously since 1990. Though there was some confusion surrounding Singh's arrest history, the IJ accepted his testimony that he had been arrested just once for a traffic violation and concluded that Singh had good moral character. As a result, only the hardship element is relevant here. Singh focused on the lack of education and healthcare in India to support his argument that his removal would amount to an "exceptional and extremely unusual hardship" to his three children, who were 4, 8, and 9 at the time of the hearing in 2009. Singh testified that if he were removed to India, his wife (who also lacked status but was not in removal proceedings at the time of the hearing) and children would return with him. They would return to Punjab, even though Singh has few remaining family members and no prospects for housing or work there. Singh did not expect that any of his family members would be willing to assist him financially because they had been out of touch for many years. He also testified that he feared what he said was Punjab's crime-ridden environment.

Singh argued that the IJ should grant his application for cancellation because his middle child has medical conditions that require treatment in the United States. Singh's son suffers from allergic rhinitis and sudden rashes. He has trouble eating certain foods, including Indian food, and heat causes his allergies to flare up. Unless Singh's son takes prescription antihistamines, he has difficulty breathing and develops boils on his skin. Singh testified that he might not be able to get the correct treatment in India because many medications there are fake. The conditions in Punjab are unsanitary, and Singh would have to travel 15 miles for healthcare.

Additionally, Singh expressed concerns about the lack of educational opportunities in India for his children. They would have trouble adjusting to India, he testified, because they have never been there, do not speak Hindi, speak but cannot read or write Punjabi, and "absolutely do not like Indian food." He testified that his children have had speech therapy in school due to their difficulties with language. The government education in Punjab is

poor, and Singh explained that he would not be able to afford to send his children to private, English-speaking schools.

After considering these arguments individually and cumulatively, the IJ concluded that Singh had not met the hardship requirement for cancellation of removal and denied his application. The IJ considered the health of Singh's son and, based on the Mayo Clinic reports that the government submitted, determined that allergic rhinitis could be treated without a high level of medical training or expertise. The IJ noted that Singh had expressed a lack of confidence in the drugs in India, but concluded that Singh had an uninformed opinion about the status of medical care in Punjab. He pointed out that the medication Singh's son takes was available over the counter. The IJ accepted Singh's testimony about his children's language difficulties, but found that at their young ages they could likely learn more Punjabi. And though the IJ was sympathetic to Singh's concerns about the lack of financial opportunities in Punjab, he did not find that any difficulty in relocating could constitute an exceptional and extremely unusual hardship when compared with other families that had been in the United States for similar lengths of time. Finally, the IJ noted that Singh could return to any part of India, not just to his native Punjab.

Singh appealed to the Board arguing, among other things, that although his factors taken individually may not rise to the level of extreme and unusual hardship, in the aggregate they do. The Board agreed with the IJ's analysis and dismissed Singh's appeal. It considered Singh's testimony and his son's medical records and determined that he had not shown that his son would be unable to get the necessary treatment in India. The Board observed that the record did not show that Singh's children still needed speech assistance. The Board acknowledged Singh's concern about the low standard of living in Punjab and the difficult transition facing his family, but noted that concerns about "economic detriment and reduced educational opportunities are generally insufficient to establish the requisite hardship." The Board noted, as well, that Singh has two uncles and his wife's family in Punjab whom he might be able to call upon for assistance. For these reasons, the Board agreed that Singh had not demonstrated that his removal met the hardship standard. Singh filed a motion for reconsideration, 8 C.F.R. § 1003.2(b), which at the time of briefing was still pending.

On appeal Singh argues that the Board applied an incorrect legal standard and failed to consider relevant evidence in concluding that his children would not suffer "exceptional and extremely unusual hardship" for purposes of cancellation of removal. The government responds by challenging this court's subject-matter jurisdiction. Singh asserts that jurisdiction is proper because he presents reviewable questions of law. He maintains that the Board ignored certain evidence and failed to consider factors that were material to the Board's analysis.

We lack jurisdiction to review a decision by the Board denying cancellation of removal unless the petition for review presents a legal or constitutional question. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D); *Marin-Garcia v. Holder*, 647 F.3d 666, 671 (7th Cir. 2011); *Stepanovic v. Filip*, 554 F.3d 673, 677–78 (7th Cir. 2009); *Martinez-Maldonado v. Gonzales*, 437 F.3d 679, 682 (7th Cir. 2006). The scope of this jurisdiction-stripping provision is broad; it bars review of not only different kinds of discretionary final decisions, but also the agency's underlying factual findings, the reasons it gives, and the way it weighs the evidence while exercising its discretion. *See Chavez-Vasquez v. Mukasey*, 548 F.3d 1115, 1119 (7th Cir. 2008); *Jezierski v. Mukasey*, 543 F.3d 886, 887–88 (7th Cir. 2008); *Huang v. Mukasey*, 534 F.3d 618, 620 (7th Cir. 2008). Moreover, we have applied this rule to the hardship prong of cancellation cases and concluded that the merits of those determinations are also beyond the scope of review. *See Duad v. Holder*, 556 F.3d 592, 595 (7th Cir. 2009); *Mireles v. Gonzales*, 433 F.3d 965, 968–69 (7th Cir. 2006).

Singh first contends that his appeal fits within the exception to the jurisdictional bar because he raises a legal challenge—that the Board misunderstood the legal standard for cancellation of removal by failing to consider his hardship factors in the aggregate. *See* 8 U.S.C. § 1252(a)(2)(D); *Jezierski*, 543 F.3d at 888; *Huang*, 534 F.3d at 620. In support he notes that the Board discussed each of his hardship arguments in separate paragraphs; in that regard, he believes, the Board considered the factors only "in isolation."

We have not addressed whether this argument—that the agency must consider the hardship factors in the aggregate—fits within the exception, and there is little law on the question. *See, e.g.*, *Ettienne v. Holder*, No. 10-3896, 2011 WL 4582549, at *5 (6th Cir. Oct. 5, 2011); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979–80 (9th Cir. 2009). Assuming that we have jurisdiction to review Singh's argument, the IJ specifically considered the factors cumulatively in concluding that he did not meet the hardship requirement. Because the Board agreed with the IJ and supplemented his opinion with additional observations, this court reviews the IJ's decision wherever the Board has not supplanted it with its own rationale. *Sarhan v. Holder*, No. 10-2899, 2011 WL 3966151, at *3 (7th Cir. Sept. 2, 2011); *Mema v. Gonzales*, 474 F.3d 412, 416 (7th Cir. 2007). The Board was silent on the cumulative effect of Singh's arguments and did not express particular reliance on any one of the factors. We therefore may rely on the IJ's decision, which expressly considered Singh's hardship factors in the aggregate. Accordingly, Singh's argument is without merit.

Even if we were to look only at the Board's decision, Singh cannot point to anything that would be different about the Board's analysis if it considered the factors in the aggregate. His briefs to the Board and to this court simply rehash his arguments to the IJ and call upon us to reweigh the evidence. Each of Singh's hardship factors was so insignificant individually that a cumulative consideration of them would not have altered

the outcome. The Board noted, for instance, that no evidence in the record supported Singh's assertions about any ongoing medical problems and that economic detriment and educational opportunities are insufficient to establish hardship. Therefore, any failure on the part of the Board in not explicitly stating that it considered the factors in the aggregate was harmless error. *See Iglesias v. Mukasey*, 540 F.3d 528, 532–33 (7th Cir. 2008); *Tariq v. Keisler*, 505 F.3d 650, 657–58 (7th Cir. 2007).

Singh next proposes another argument that he regards as legal in nature—that the Board's ruling ignored evidence and misstated facts in the record. He points to the statement in the Board's ruling that he has family members in India, including two uncles, and that "he may be able to call upon them for some form of support during his transition." Singh says his testimony contradicts this statement.

While failing to consider a line of evidence may permit review for legal error, *Iglesias*, 540 F.3d at 530–31, we have only once applied that logic to the hardship determination in a cancellation case, *see Champion v. Holder*, 626 F.3d 952, 956–57 (7th Cir. 2010). In *Champion* this court vacated the Board's denial of a mother's application for cancellation based on the hardship her children would suffer if forced to return to Nigeria; we reasoned that the agency erred when it determined that the children could remain in the United States with their father because the agency had "virtually ignored" the fact that the children's father also was in removal proceedings. *Id*. at 957. In contrast, here the Board did not overlook important evidence. Singh testified that he had family members living in India (though only a few) and that he had not asked them for assistance. Therefore, the Board's factual statement that Singh *may* be able to call upon his relatives for support does not amount to legal error.

Accordingly, we DENY the petition for review as to Singh's claim of legal error and DISMISS the petition, for lack of jurisdiction, as to Singh's claim of factual error.