**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 25, 2012
Decided March 9, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

Nos. 10-3827 & 11-2463

| | |
|---|---|
| HENRY LAZO-VARGAS, | Petitions for Review of an Order of the |
| *Petitioner,* | Board of Immigration Appeals. |
| *v.* | No. A087-174-431 |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent.* | |

**O R D E R**

Henry Lazo-Vargas, a citizen of Peru, petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen his immigration case, arguing that the Board failed to consider two entire lines of evidence in reviewing his case: his mother's Alzheimer's disease and his wife's disability. The government replies that we lack jurisdiction because Lazo-Vargas is in effect asking us to reweigh the evidence, rather than consider any legal or constitutional question. Because Lazo-Vargas fails to raise a legal or constitutional question, we dismiss the petition for lack of jurisdiction.

Lazo-Vargas entered the United States illegally in 1993, and came to the attention of Homeland Security in 2008 when his mother, a United States citizen, petitioned on his behalf for adjustment of status under 8 U.S.C. § 1255(i). Section 1255(i) permits aliens present in the United States without inspection (such as Lazo-Vargas) to adjust their status, if a relative sponsored them for a visa before April 30, 2001 and they are otherwise eligible. In this case, Lazo-Vargas's mother first filed for a visa on his behalf on April 27, 2001, but for reasons unexplained did not receive a decision until she refiled in 2008. A year later, the reviewing officer found that Lazo-Vargas's convictions disqualified him for adjustment of status under 8 U.S.C. § 1255(a). Shortly thereafter, Homeland Security issued Lazo-Vargas a notice to appear in removal proceedings.

Lazo-Vargas then resubmitted his request for adjustment of status to the immigration judge. At the hearing, the IJ reviewed Lazo-Vargas's criminal record and found that none of his convictions made him ineligible under 8 U.S.C. § 1182(a)(2), which prohibits aliens who have committed certain crimes from seeking to adjust status. But adjustment of status is at the discretion of the Attorney General, *see* 8 U.S.C. § 1255(i)(2), and thus the IJ went on to weigh Lazo-Vargas's lengthy criminal history against his positive attributes, including his entrepreneurship, his stable employment, and the hardship that his removal would cause family legally residing in the United States. Lazo-Vargas and his mother testified, for example, to his good character, her illnesses (including Alzheimer's disease), and the care he provided for her. He also presented letters from family, friends, and his mother's physician, attesting that Lazo-Vargas provided for his mother, took her to medical appointments, and kept track of her medications. The government countered with Lazo-Vargas's extensive criminal history, which spans from 1995 until at least 2008 and includes four convictions for battery, four convictions for driving under the influence, two convictions for bail jumping, one conviction for intimidating a victim, and one conviction for resisting and obstructing a police officer. Lazo-Vargas expressed remorse for his criminal history and said that he had been sober for one year.

After the conclusion of Lazo-Vargas's testimony, the IJ denied the petition as a matter of discretion, concluding that while the hardship to Lazo-Vargas's mother would be significant, this did not outweigh Lazo-Vargas's lengthy criminal history. In the IJ's view, Lazo-Vargas's repeated convictions for driving both under the influence and after revocation of his license showed "a clear disregard for order in the United States." At the hearing, the IJ said that he made the decision because Lazo-Vargas had a brother who could care for Lazo-Vargas's mother, though the IJ also acknowledged that the brother's burden would be difficult because he had four children.

Lazo-Vargas appealed the IJ's decision to the Board of Immigration Appeals, which upheld the IJ's ruling. The Board concluded that Lazo-Vargas's care for his mother,

community service, entrepreneurship, and newfound sobriety were not enough to merit discretionary relief in light of his "lengthy, serious criminal history." Lazo-Vargas then petitioned for judicial review.

While his appeal to the Board was pending, Lazo-Vargas, represented by new counsel, filed a motion to reopen claiming ineffective assistance of counsel based on new evidence. First, Lazo-Vargas claimed that his former counsel failed to advise him to procure witnesses, such as his mother's doctor and his siblings, who would have testified to the substantial harm his mother would endure in his absence. His mother's doctor wrote that if called he would have testified about Lazo-Vargas's mother's advanced Alzheimer's disease. Lazo-Vargas's siblings wrote that they would have testified that they could not adequately care for their mother, who had a history of running away when sent to live with anyone but Lazo-Vargas. Second, Lazo-Vargas presented new evidence of hardship: during the pendency of the immigration proceedings, he married a United States citizen, Shari Buckmaster, who suffers from a host of physical impairments and relies on her husband for assistance in daily living.

The Board denied Lazo-Vargas's petition. While acknowledging the hardship to Lazo-Vargas's mother and his wife, the Board nonetheless found the new evidence of his mother's health "largely cumulative" of prior evidence, and the Board accorded the hardship to his wife "less weight" because the marriage began during removal proceedings. Even with these positive equities, the Board stated that it "could not ignore [Lazo-Vargas's] lengthy and serious criminal history." It also noted a representation made by his former attorney, in responding to a complaint that Lazo-Vargas filed against him with the Illinois bar, that Lazo-Vargas had failed to disclose an additional criminal charge and conviction during the pendency of his appeal. Accordingly, the Board denied his motion to reopen, finding that Lazo-Vargas could not show that he merited discretionary relief even with the assistance of counsel and the new evidence of his marriage.

Lazo-Vargas then filed a second petition for review of that decision, and we consolidated both petitions on his motion.

Lazo-Vargas does not argue in his brief that the Board and IJ committed legal error in denying his request to adjust status, so any argument as to that decision is waived and we dismiss his petition for review of that decision. *See, e.g.*, *Firishchak v. Holder*, 636 F.3d 305, 309 n.2 (7th Cir. 2011). Only the Board's denial of his motion to reopen remains.

We first address the extent of our jurisdiction to review the Board's denial of a procedural motion, such as Lazo-Vargas's motion to reopen. The government argues that 8 U.S.C. § 1252(a)(2)(B)(i)–(ii) & (a)(2)(D) limits judicial review of the Board's denial of a request for adjustment of status to legal or constitutional errors, and that this limitation

extends to the Board's rulings on procedural motions as well.  But after briefing in this case was complete, we ruled in *Calma v. Holder*, 663 F.3d 868 (7th Cir. 2011), that the reach of § 1252(a)(2)(B) was not so sweeping. That section restricts our jurisdiction to review a procedural motion only if "the agency's rationale for denying the procedural request also establishes the petitioner's inability to prevail on the merits of his underlying claim." *Calma*, 663 F.3d at 876.  In this case, the Board did base its decision on the underlying merits of Lazo-Vargas's case, and thus our jurisdiction is limited to review for legal or constitutional errors.

The parties agree that we may still review Lazo-Vargas's petition if he asserts legal or constitutional errors, *see* 8 U.S.C. § 1252(a)(2)(D), but the government insists that Lazo-Vargas's argument is legal in form only; in substance it is a request to reweigh the evidence before the Board.  Lazo-Vargas acknowledges that the Board recited his evidence, but considers the recitation so deficient as to wholly disregard a line of evidence, amounting to legal error.  *See Huang v. Mukasey*, 534 F.3d 618, 620 (7th Cir. 2008).  The mere mention of evidence, he urges, does not preclude a finding that the Board or IJ failed to consider that evidence.  *See Wani Site v. Holder*, 656 F.3d 590, 594 (7th Cir. 2011); *Champion v. Holder*, 626 F.3d 952, 956 & n3 (7th Cir. 2010).

Although Lazo-Vargas is correct that a claim that the Board wholly ignored an argument or line of evidence is a question of law, *see Champion*, 626 F.3d at 956, his petition essentially poses not a legal argument but a challenge to the Board's weighing of the evidence, and thus we lack jurisdiction to consider it.  *See Kahn v. Filip*, 554 F.3d 681, 687–89 (7th Cir. 2009); *Chavez-Vasquez v. Mukasey*, 548 F.3d 1115, 1119 (7th Cir. 2008).  Indeed the record reflects that the Board not only considered but actually *credited* all of the evidence Lazo-Vargas presented.  First, the Board's description of the evidence of Alzheimer's disease as "cumulative" does not show that the Board ignored the evidence.  Furthermore, the new evidence of Alzheimer's disease *was* cumulative; the IJ fully credited Lazo-Vargas's testimony about his mother's health (including her Alzheimer's disease) at the hearing. Second, contrary to Lazo-Vargas's argument, the Board recognized the difficulty his siblings would face in caring for his dependent mother, acknowledging they could only "assist his mother, to some degree."  That decision was consistent with the evidence presented, including evidence that Lazo-Vargas's siblings have (with difficulty) cared for his mother before (and presumably did so during his extended stays in jail).  Third, the Board explicitly and correctly accorded "less weight" to the hardship faced by Lazo-Vargas's wife, not "no weight" as he contends.  Its discussion was brief, but it included all of the evidence Lazo-Vargas claims was overlooked.  Rather than ignoring evidence of hardship, the Board properly found in its discretion that Lazo-Vargas's 14-year criminal history—including four convictions for battery, four convictions for driving under the influence, and one conviction each for resisting a police officer and for intimidating a witness—outweighed even the enormous hardships that may befall his wife and mother.

Accordingly, we **DISMISS** the petition for want of jurisdiction.