NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 10, 2013
Decided July 25, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2656

| | |
|---|---|
| YADWINDER SINGH, | Petition for Review of an Order of the Board |
| *Petitioner*, | of Immigration Appeals. |
| | |
| *v.* | No. A096-298-571 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Yadwinder Singh, a citizen of India, petitions for review of the denial by the Board of Immigration Appeals of his motion to reconsider. He previously sought review of the agency's denial of his application for cancellation of removal. We partly dismiss and partly deny his petition.

Singh immigrated as a young man to the United States in 1990, using another person's passport. Immigration authorities began removal proceedings against him (the record does not say how he came to their attention) in 2007, at which point Singh conceded his removability and applied for cancellation of removal. Since arriving in the United States, Singh had married and had three children (all under the age of 10 at the time of the hearing in 2009); though his wife is also an Indian citizen residing in the United States illegally, their U.S.-born children are American citizens.

In the removal proceedings, the parties focused on the hardship to Singh's children if he were ordered removed, as Singh had to show that his removal would cause extremely unusual hardship to a relative who is a citizen or permanent legal resident of the United States. *See* 8 U.S.C. § 1229b(b)(1)(D); *Cruz-Moyaho v. Holder*, 703 F.3d 991, 995 (7th Cir. 2012). Singh testified that if he were removed, he would bring his wife and children with him and they would live in his hometown in the state of Punjab in northwestern India. Singh worried that the move would be difficult for his children because they could speak but not read or write Punjabi, the most commonly spoken language in Punjab; they could not speak, read, or write Hindi, the language spoken in public schools in India, and he would not be able to afford to send them to English-speaking private schools; and he doubted he would be able to find medication to treat his 8-year-old son's hay fever ("allergic rhinitis") and rashes. He testified that, although he had some extended family in India, he had lost touch with them and doubted they would help him.

The IJ concluded that Singh had not shown that the hardship factors, either individually or cumulatively, were extraordinary enough to warrant cancellation of removal. First, the IJ explained that English is widely spoken in the school system and among the educated in India and Singh had not shown that learning Punjabi or Hindi would be particularly difficult for his children. Next, the IJ noted that hay fever is not difficult to treat and Singh had not shown that cetirizine, the over-the-counter medication his son had been taking, would be unavailable in India. The Board agreed with the IJ's conclusions, and added one more reason to question the extent of the expected hardship: Singh, the Board suggested, "may be able to call upon [his relatives in India] for some form of support during his transition."

Singh then, on the same day, both petitioned this court for review of the Board's decision, and moved the Board to reconsider its ruling. Pet. for Review, *Singh v. Holder*, No. 11-1187 (7th Cir. Jan. 21, 2011). In both proceedings he challenged the Board's failure to consider the hardship factors in the aggregate, as well as its presumption that he could count on his family's support in India. Pet'r's Br. at 14–19, *Singh v. Holder*, No. 11-1187 (7th Cir. June 8, 2011). We acted first, partly denying and partly dismissing Singh's petition. *Singh v. Holder*, 448 F. App'x 619 (7th Cir. 2011). We concluded first that the Board's silence about the cumulative effect of the hardship factors was unimportant because the IJ had expressly considered those factors in the aggregate. *Id.* at 622. As for Singh's challenge to the Board's finding that he could rely on family support, we concluded that we lacked jurisdiction to review Singh's argument because it presented a factual question, and we may review only legal challenges to discretionary final decisions (like the denial of an application for cancellation of removal). *Id.* at 623.

Some time later, the Board denied Singh's motion for reconsideration. The Board stated that it had considered the hardship factors in the aggregate, even if it had not

expressly said so. The Board also said that its statement that Singh *may* be able to rely on his relatives in India for help was consistent with his testimony that he had relatives in India and, since he had not asked them for help, he did not know that they would refuse to help his family.

Singh once again seeks review of the Board's ruling. He maintains that the Board did not consider the hardship factors in the aggregate. But we rejected this argument in our prior order, *Singh*, 448 F. App'x at 622, so the issue is governed by the law of the case, *see Ramos v. Gonzales*, 414 F.3d 800, 803 (7th Cir. 2005); *Pilch v. Ashcroft*, 353 F.3d 585, 586–87 (7th Cir. 2003). In Singh's first petition, the Board's silence about considering the hardship factors in the aggregate led us to review the IJ's decision on that point, *Sarhan v. Holder*, 658 F.3d 649, 653 (7th Cir. 2011); *Giday v. Gonzales*, 434 F.3d 543, 547 (7th Cir. 2006), and we concluded that the IJ's assessment was adequate. Singh has not proposed any reason why the result should be different now.

Next, Singh maintains, as he did in his earlier petition, that the Board legally erred by concluding that he may be able to rely on family in India; the Board, he asserts, overlooked his testimony that he is not close to his family in India. Yet again this issue is governed by the law of the case, *see Ramos*, 414 F.3d at 803; *Pilch*, 353 F.3d at 586–87, and as we previously explained, *Singh*, 448 F. App'x at 623, we lack jurisdiction to review challenges to the agency's factual findings in the denial of an application for cancellation of removal, *see* 8 U.S.C. § 1252(a)(2)(B)(i); *Delgado v. Holder*, 674 F.3d 759, 765 (7th Cir. 2012); *Bachynskyy v. Holder*, 668 F.3d 412, 416–17 (7th Cir. 2011). The Board did not overlook Singh's testimony—the Board noted that despite his lack of close contact with his relatives, he may still get some help from them—and Singh's argument presents only a factual issue over which we lack jurisdiction.

Last, Singh contends that the Board failed to consider his argument in his motion for reconsideration that his children would generally suffer hardship by being forced to relinquish their American citizenship. But Singh never mentioned this argument in his motion for reconsideration, so the Board understandably did not address it. Furthermore, we may not consider unexhausted arguments. *See Muratoski v. Holder*, 622 F.3d 824, 830–31 (7th Cir. 2010).

Accordingly, we DISMISS Singh's petition as to his claim of factual error, and otherwise DENY his petition.